UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DONALD TURNER                              *       CIVIL ACTION

VERSUS                                     *       NUMBER:

COX OPERATING, LLC,                        *       SECTION:
COX OIL OFFSHORE, LLC,
GOL, LLC, and                              *       MAGISTRATE:
GULF OFFSHORE LOGISTICS, LLC
*       *       *       *       *       *       *       *       *

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes DONALD TURNER, a person of the full age of majority and resident of the State of Louisiana, and for his Complaint respectfully represents as follows:

I.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. 1331, federal question jurisdiction.

II.

## PARTIES DEFENDANT

Made defendants herein are:

1.      COX OPERATING, LLC, on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court and within the jurisdiction of this Honorable Court and at all times pertinent hereto, the owner and/or operator of the platform located in the Gulf of Mexico, in Grand Isle Block 43 on which plaintiff was employed.

2.      COX OIL OFFSHORE, LLC, on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court and at all times pertinent hereto, the owner and/or operator of the platform located in the Gulf of Mexico, in Grand Isle Block 43 on which plaintiff was employed.

3.      GOL, LLC, on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court and at all times pertinent hereto, the owner and/or operator of the M/V GOL LIGHTNING and/or other vessel involved in plaintiff's accident.

4.      GULF OFFSHORE LOGISTICS, LLC, on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court and at all times pertinent hereto, the owner and/or operator of the M/V GOL LIGHTNING and/or other vessel involved in plaintiff's accident.

### III.

The defendants are liable unto the plaintiff pursuant to the law and statutes of the United States, including but not limited to the Outer Continental Shelf Lands Act, 43 U.S.C. 1331, et seq., the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. 901, et seq., including Section 905(b) thereof, the General Maritime Law of the United States and/or and the law and statutes of the State of Louisiana, in damages in a sum which will fairly compensate him and which will be determined at the trial of this matter, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings, for the following reasons, to wit:

### IV.

On or about November 16, 2023, plaintiff, Donald Turner, was employed by Crosby Energy Services, Inc.  On that date, Mr. Turner was performing his assigned duties on the premises

owned and/or operated by the defendants, on information and belief, a platform located in the Gulf of Mexico, in Grand Isle Block 43.  In the course of performing those duties, suddenly and without warning and due to the negligence of the defendants and/or its agents and employees and/or defects in the premises and its equipment, in the course of being lowered from the platform to a vessel in a personnel basket by a crane located on the platform in rough seas, the personal basket and impacted the deck of the vessel to which the basket was being lowered, causing plaintiff to sustain severe and disabling injuries as described herein.

V.

Plaintiff was in no manner negligent.  On information and belief, plaintiff alleges that the sole and proximate cause of his injuries, as described herein, was the negligence and/or failure of the defendants, and their servants and/or agents, in carrying out their obligations and duties, individually and concurrently, and/or the condition of the premises and equipment, in the following respects:

1. Failure to provide plaintiff with a safe place in which to work;

2. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the premises and/or the vessel, and failure to properly navigate the vessel;

3. Failure to provide plaintiff with the proper equipment and/or personnel to accomplish his job (including his transfer in a personnel basket) in a reasonably safe manner;

4. Failure to warn the plaintiff;

5. Failure to warn plaintiff of the dangerous and unsafe conditions of the premises and/or the vessel;

6. Failure to ensure that the transfer of personnel from the platform to the vessel in a personnel basket could be accomplished in a safe manner;

7. Failure to properly inspect, maintain and repair the premises, the vessel and/or their equipment;

8.   Hiring untrained and unskilled employees;

9.   Retaining employees found to be careless and/or unskilled;

10.  Strict and/or premises liability;

11.  Failure to provide competent and adequate supervisory authority;

12.  Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

13.  Other acts of negligence and conditions to be proven at the trial of this case.

VI.

Solely by reason of the negligence of the defendants, and other acts and inactions described herein, plaintiff, Donald Turner, sustained serious injuries including but not limited to the following: possible ruptured and/or herniated discs and nerve damage, as well as injuries to his bones, muscles and joints, organs and tissues among other component parts of his neck, low back and left leg.  As a result, thereof, plaintiff in the past and in the future: require medicines, medical care, medical treatment, have to expend moneys and incur obligations for treatment and care, suffer agonizing aches, pains, and mental anguish, and be disabled from performing his usual duties, occupations and avocations.

VII.

As a direct and proximate result of the aforesaid negligence, conditions, and breach of duties on the part of the defendants herein, plaintiff has suffered injuries and damages for which defendants are liable unto him, together with legal interest from the date of occurrence, attorney's fees, and all costs of these proceedings.

**WHEREFORE**, plaintiff prays that the defendants be served with a copy of this Complaint, and after due proceedings had and the expiration of all legal delays herein: There be a

judgment rendered in favor of the plaintiff, DONALD TURNER, and against defendants, COX OPERATING, LLC, COX OIL OFFSHORE, LLC, GOL, LLC, and GULF OFFSHORE LOGISTICS, LLC in damages in an amount to be determined at trial, together with interest from the date of occurrence until paid, attorney's fees, and all costs; and for any and all other relief which the law and justice may provide.

RESPECTFULLY SUBMITTED:


  s/ David C. Whitmore
LAWRENCE BLAKE JONES (7495)
DAVID C. WHITMORE (17864)
BLAKE JONES LAW FIRM, LLC
701 Poydras Street, Suite 4100
New Orleans, LA  70139
Telephone:  (504) 525-4361
Facsimile:  (504) 525-4380
jones@nola-law.com
dcw@nola-law.com
Attorneys for Plaintiff, Donald Turner